**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                           **Criminal Action No. 3:11-CR-54-02
(BAILEY)**

**JOSEPHINE ARTILLAGA ADAMS,**

    Defendant.

## ORDER

On this day, the above-styled criminal action came before this Court upon consideration of the Report and Recommendation of the United States Magistrate Judge James E. Seibert [Doc. 62]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on November 3, 2011 [Doc. 62]. In that filing, the magistrate judge recommended that this Court deny the defendant's Motion to Dismiss for Lack of Venue [Doc. 32]. [*See* Doc. 62 at 5].

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Seibert's R&R would typically be due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure; however, objections were due on or before November 9, 2011, because the trial in this case has been scheduled for November 14, 2011 [*See* Doc. 62 at 6]. The defendant did not file objections to this R&R [Doc. 62] on November 9, 2011. Accordingly, this Court will review the R&R for clear error.

**Procedural Background**

Josephine Adams has been charged with counts of conspiracy to obstruct justice under 18 U.S.C. §§ 2 and 371 and attempts to obstruct justice under 18 U.S.C. §§ 1503 and 1512 [Doc. 53]. On October 18, 2011, defendant, Josephine Adams', filed a Motion to Dismiss for Lack of Venue [Doc. 32]. In support of her motion, Ms. Adams states that, because "essential elements of the offenses were not committed in the Northern District of West Virginia, this judicial district lacks the power to adjudicate this offense" [*Id.* at 3]. On October 28, 2011, the Government filed its Response to the Motion to Adopt Co-Defendant's Motion to Dismiss Counts One and Two [Doc. 44]. In its response, the Government states that this district has conspiracy venue [*Id.* at 1] and obstruction of justice venue [*Id.* at 2]; as such, the Government argues that the Motion to Dismiss for Lack of Venue should be dismissed.

On October 31, 2011, the magistrate judge held an evidentiary hearing on pre-trial motions. At this hearing, the magistrate judge addressed the Motion to Dismiss for Lack

2

of Venue [Doc. 32]. On November 3, 2011, Magistrate Judge Seibert entered a Report and Recommendation that Defendant's Motion for Dismiss for Lack of Venue Be Denied [Doc. 62]. In his R&R, Magistrate Judge Seibert recommended that this Court deny the defendant's Motion to Dismiss for Lack of Venue [Doc. 32] "[b]ecause the prosecution was brought in the same district as the judicial proceeding that [the defendant allegedly] sought to affect [and] . . . overt acts in furtherance of the conspiracy charges occurred in this district . . ." [Doc. 62 at 2-3].

**Applicable Law**

Rule 18 of the Federal Rules of Criminal Procedure states that, "u[]nless a statute or these rules permit otherwise, the [G]overnment must prosecute an offense in a district where the offense was committed." FED. R. CRIM. P. 18. Furthermore, there is statutory guidance that prosecution of obstruction charges under 18 U.S.C. § 1512 or § 1503 "may be brought in the district in which the official proceeding . . . was intended to be affected." 18 U.S.C. § 1512(i). In addition, the Fourth Circuit Court of Appeals has ruled that "in a conspiracy charge, venue is proper for all defendants wherever the agreement was made or . . . any act in furtherance of the conspiracy transpires." **United States v. Bowen**, 224 F.3d 302, 311 n.4 (4th Cir. 2000), *citing* **Hyde v. United States**, 225 U.S. 347, 356-67 (1912); *see also* **United States v. Moussaoui**, 591 F.3d 263, 300 (4th Cir. 2010) ("venue is proper in any district in which some act in furtherance of the conspiracy was committed").

**Conclusion**

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 62]** should be, and is,

3

hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, this Court hereby **DENIES** the defendant's **Motion to Dismiss for Lack of Venue [Doc. 32]**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** November 10, 2011.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE